IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Chambered Group USA LLC,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Kristina Babcock,<br><br>　　　　　Respondent. | No. CV-23-01850-PHX-SPL<br><br>**ORDER** |

On July 17, 2023, Petitioner Chambered Group USA LLC received a notice from Respondent Kristina Babcock revoking its federal firearms license ("Final Notice of Revocation"). (Doc. 1 ¶ 84). The Final Notice of Revocation provided that the effective date was August 1, 2023. (Doc. 1 ¶ 84). Petitioner requested an extension of the revocation date and Respondent agreed to extend the effective date until October 1, 2023, but with the condition that Petitioner "not manufacture or acquire any firearms for the business after the date of the original revocation (August 1, 2023)." (Doc. 1 ¶¶ 85-86). Petitioner, through its counsel, advised Respondent of its intention to file a petition for de novo review of the Final Notice of Revocation and requested that the revocation date be postponed until the completion of judicial proceedings. (Doc. 1 ¶ 87). Respondent denied this request. (Doc. 1 ¶ 88).

On September 1, 2023, Petitioner filed a Petition for De Novo Review of the Revocation of a Federal Firearms License Pursuant to 18 U.S.C. § 923(f)(3) (Doc. 1) and

Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. 2). Petitioner moves to stay the effective date of the revocation of its federal firearms license pending completion of de novo review. (Doc. 2 at 1).

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order may be entered "without written or oral notice to the adverse party," Fed. R. Civ. P. 65(b). A TRO may issue, *ex parte*, only where there are: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Here, although Petitioner explains that it advised Respondent of its intention to file a petition for de novo review of the Final Notice of Revocation, the Motion for TRO fails to provide any information or certification as to any efforts made to give notice to Respondent about the Motion for TRO. (Doc. 1 ¶ 87; Doc. 2 at 3). The Court declines to assume any alleged notice was offered, let alone adequate. *See Globalization Partners, Inc. v. Layton*, No. 19-cv-01990-BAS-LL, 2019 WL 5268657, at *1-2 (S.D. Cal. Oct. 16, 2019).

---

[1] The Ninth Circuit observes a "sliding scale" approach, in that these elements "are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, by example, an injunction can issue where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

Thus, Petitioner fails to satisfy the requirements of Rule 65. The Court will therefore deny Petitioner's request for a TRO. Nonetheless, given the nature of the harm alleged, the Court will exercise its discretion to expedite briefing and advance a hearing on Petitioner's request for a preliminary injunction. Accordingly,

**IT IS ORDERED**:

1. **TRO**: That Petitioner's Motion for Temporary Restraining Order is **denied**.

2. **Notice to Respondent**: That, no later than **12:00 p.m. on September 7, 2023**, Petitioner must provide Respondent with a copy of the following: (1) the Petition for De Novo Review of the Revocation of a Federal Firearms License Pursuant to 18 U.S.C. § 923(f)(3); (2) the Motion for Temporary Restraining Order and Motion for Preliminary Injunction and attachments; and (3) this Order. Petitioner shall further file with the Court a notice indicating when and how notice was provided.

3. **Hearing**: That a Preliminary Injunction Hearing is set for **September 19, 2023 at 9:00 a.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom 501.

4. **Briefing**: That Respondent shall have until **September 12, 2023**, to file any Response to Petitioner's Motion for a Preliminary Injunction; Petitioner shall have until **September 14, 2023**, to file any Reply in support of its Motion.

5. **Joint Notice**: That the parties shall file a Joint Notice by **September 11, 2023**, indicating whether the motion may be decided on the briefing and argument of counsel alone.

6. **Proposed Injunction**: That Petitioner shall submit a proposed form of preliminary injunction no later than **September 12, 2023**.

///

///

///

///

7. **Warning**: That if Respondent does not respond to the Motion for a Preliminary Injunction or fail to appear at the above-scheduled hearing, the Court will deem such failure as consent to granting the motion, *see* LRCiv 7.2(i).

Dated this 5th day of September, 2023.

Honorable Steven P. Logan
United States District Judge